FILED
United States Court of Appeals
Tenth Circuit

August 20, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CALIFORNIA DHI, INC.,

        Plaintiff-Appellant/
        Cross-Appellee,

    v.

UDO ERASMUS, an individual, also
known as PR International, Inc.,

        Defendant-Appellee/
        Cross-Appellant.

Nos. 08-1117 and 09-1023

(D. Colorado)

(D.C. No. 1:04-CV-01566-MSK-CBS)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **McKAY**, and **TYMKOVICH**, Circuit Judges.

## I.    INTRODUCTION

California DHI, Inc. filed this action pursuant to the Colorado Dissenters'

Rights Statute to determine the fair value of the shares of dissenting shareholder

Dr. Udo Erasmus. At the conclusion of a five-day bench trial, the district court

determined the fair value of Dr. Erasmus's shares was $778,528.33, and

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

subsequently ordered prejudgment interest in the amount of $280,650,86, for a total award of $1,059,179.20.  Both parties appealed.  Exercising jurisdiction pursuant to 28 U.S.C. § 1291, this court **AFFIRMS** for substantially the same reasons as set forth in the district court orders.

## II.  BACKGROUND

In the early 1990s, Dr. Robert Collett, a Californian veterinarian, began taking an interest in developing a food supplement for animals.  To do so, he sought out the help of his brother, Bernard Collett, and Dr. Erasmus, a Canadian nutritionist and author.  In 1994, the three men formed Petscriptions, a Colorado corporation, which they subsequently renamed Designing Health, Inc. ("DHI").  Dr. Erasmus, however, also entered into an agreement in 1994 with two companies, Flora Inc. and Flora Ltd., (the "Flora Companies") to create competing supplements.  In 1998, after his involvement with DHI had declined, Dr. Erasmus attended a trade show in Anaheim, California to promote products made by the Flora Companies which were very similar to those he had formulated and promoted for DHI.  DHI and the Colletts subsequently brought suit against Dr. Erasmus and the Flora Companies, asserting a variety of claims including breach of fiduciary duty, intentional misrepresentation, and breach of contract.  In response, Dr. Erasmus resigned from the DHI board, and asserted a variety of counterclaims against DHI and the Colletts.

The case proceeded to trial in the United States District Court for the District of California and the jury returned a verdict in favor of DHI. As of May, 5, 2003, a net judgment of $796,522.27 (the "California Judgment") was owed by Dr. Erasmus and various defendants to DHI.[1]

In late 2003, the Colletts, as majority shareholders of DHI, proposed merging DHI into California DHI, Inc. ("California DHI"), a California corporation. The merger agreement provided the effective date of the merger "shall be the date on which a copy of this agreement and the accompanying officers' certificate of California DHI and DHI are filed with the California Secretary of State." As of the date of execution, on November 11, 2003, Dr. Erasmus owned a one-third interest in DHI. At the shareholders' meeting on that date, DHI and California DHI approved the merger agreement, and the plan was filed with the Colorado Secretary of State on November 20, 2003. Although the merger agreement was tendered to the California Secretary of State shortly thereafter, technical errors prevented the merger from being consummated until March 19, 2004.

On January 30, 2004, DHI advised each of its shareholders of their rights under Colo. Rev. Stat. § 7-113-102 to dissent from the merger and sell their shares for fair value. On March 1, 2004, Dr. Erasmus wrote to DHI's counsel invoking his dissenter's rights and demanding purchase of his shares. After the

---

[1]The Federal Circuit ultimately reversed this judgment.

parties were unable to agree on the fair value of Dr. Erasmus's shares, California

DHI commenced this action pursuant to Colo. Rev. Stat. § 7-113-301 to have the

district court determine their value.

The district court was presented with two issues: (1) what was the effective

date of the applicable corporate action to which Dr. Erasmus dissented and (2)

what was the fair value of Dr. Erasmus's shares immediately preceding the

effective date. The district court determined that March 19, 2004, the date the

California Secretary of State filed all of the required merger documents, was the

effective date of the corporate action. It noted this date was consistent with the

language of the merger agreement, as well as California and Colorado law.

As to DHI's fair value, the district court was presented with two expert

opinions. Madeleine Mamaux, an experienced business appraiser, opined that

DHI's value on March 31, 2004 was $3,658,702. Charles Slotkin, an investment

banker with experience in the natural foods industry, valued DHI on March 31,

2004 substantially higher at $7,600,000. In reaching its decision, the district

court first noted that "fair value, for the purpose of Colorado's dissenters' rights

statute, means the dissenting shareholder's proportionate interest in the

corporation valued as a going concern." *Pueblo Bancorporation v. Lindoe, Inc.*,

63 P.3d 353, 369 (Colo. 2003) (quotation omitted). The district court then

determined the March 31, 2004 valuations were the appropriate focal point for

determining DHI's value because of their temporal proximity to the March 19,

2004 valuation date selected by the district court and because that date balanced out DHI's history of depressed last-quarter sales and increased first-quarter sales. Next, the district court found Mamaux's valuation opinion more reliable for several reasons, including her significant appraisal experience, her application of the fair value standard reflected in Colorado law, her reliance on DHI's financial records, and the thoroughness with which she explained and duplicated her methodology. By contrast, the district court noted there were several gaps in Slotkin's methodology, questioned his choice of comparator companies and products, and discredited his anticipated growth rate calculation.

The parties, however, also disagreed as to how much Mamaux's valuation should be adjusted due to the California Judgment. The district court focused on the value of the judgment as of March 19, 2004, and ultimately decided the California Judgment had no effect of the enterprise value of DHI because it was contingent upon collectability. In addition, the district court rejected Dr. Erasmus's argument that DHI's corporate debt should be subordinated to his own. The district court concluded instead that because Dr. Erasmus was asserting rights as an equity holder, he could only claim his proportionate share of the going concern value of DHI. The district court therefore deducted DHI's corporate debt of $1,323,117 to yield a going concern value of $2,335,585, and divided that sum by three to determine the value of Dr. Erasmus's share: $778,528.33.

The parties submitted additional briefing as to the amount of interest to be added to this sum, and the district court awarded prejudgment interest at the rate of 8%, compounded annually, from the effective date of the corporate action, March 19, 2004. The district court therefore added prejudgment interest in the amount of $280,650.86, for a total award to Dr. Erasmus of $1,059,179.20.

Both parties filed motions to reconsider. California DHI argued the district court erred in selecting March 19, 2004 as the proper valuation date, and in adopting Mamaux's March 31, 2004 valuation. Dr. Erasmus argued the district court erred in subordinating his one-third interest in DHI to DHI's corporate debt. The district court denied both motions to reconsider in separate written orders. As to California DHI's motion, the district court determined the motion was inappropriate because it merely re-raised arguments that could have been, and in some respects were, raised at trial. It nevertheless also reached the merits of the motion, noting the text of Colorado's Dissenters' Rights Statute supported the district court's conclusion that the "effective date of the corporate action" was the date upon which the merger itself took effect. As to Mamaux's March 2004 valuation, the district court concluded it was reliable, pointing out Mamaux was California DHI's own expert and that she employed the same methodology California DHI had urged the district court to adopt at trial.

The district court concluded Dr. Erasmus's motion to reconsider was similarly inappropriate because it merely related to matters which were, or could

have been, fully addressed at the time of trial. Nevertheless, the district court reached the merits and thoroughly rejected Dr. Erasmus's argument that the district court had improperly subordinated his one-third interest in DHI to DHI's corporate debt. The district court concluded under the Colorado Dissenters' Rights statute, a dissenting shareholder receives "their proportionate equity from the corporation only after all corporate debts are satisfied," and noted that following Dr. Erasmus's line of reasoning "would allow the dissenting shareholder to escape the effect of the accumulated debts of the corporation on the value of his/her shares."

On appeal, California DHI renews its arguments that the district court erred in determining the effective date of the corporate action and that the district court's adoption of Mamaux's March 31, 2004 appraisal was clearly erroneous. In addition, California DHI also argues the district court erred in refusing to adjust its valuation in light of the California Judgment, and erroneously calculated prejudgment interest. On cross appeal, Dr. Erasmus argues, once again, that the district court improperly subordinated the debt DHI owed to him to the debts DHI owed to its remaining creditors.

## III. ANALYSIS

After careful review of parties' briefs and the record on appeal, we conclude the district court correctly determined the "effective date of the corporate action" pursuant to the Colorado Dissenters' Rights Statute and the

-7-

prejudgment interest rate; and did not clearly err in finding Mamaux's March 31, 2004 valuation of California DHI reliable and in refusing to adjust its valuation of DHI in light of the contingent nature of the California Judgment in favor of DHI. As to Dr. Erasmus's cross appeal, we conclude the district court correctly decided that Dr. Erasmus, the dissenting shareholder, was only entitled to a proportionate share in the equity of the corporation after all of the corporate debts had been satisfied.

## IV.   CONCLUSION

Accordingly, we **AFFIRM** for substantially the same reasons as set forth in the district court orders.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge